IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BIBBS,

    Plaintiff,                      No. CIV S-08-0033 GEB DAD P

    vs.

WARDEN WALKER, et al.,           ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's request to proceed in forma pauperis, plaintiff's amended complaint[1], and motion for preliminary injunction.

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).[2] Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

---

[1] Before the court had the opportunity to screen his original complaint, on May 12, 2008, plaintiff filed a motion requesting leave to amend. The court granted the request on May 20, 2008, and on June 27, 2008, plaintiff filed his amended complaint (Doc. No. 15).

[2] Plaintiff's in forma pauperis application was filed on August 15, 2008. On August 5, 2008, plaintiff was ordered to file only the two-page application because the certificate portion of the application and a certified copy of his inmate trust account statement had already been submitted on May 23, 2008.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I. Amended Complaint

Plaintiff is a state prisoner at California State Prison (CSP) - Sacramento where the incidents at issue allegedly occurred. In his amended complaint plaintiff has named six defendants, each of whom are sued in their individual and official capacities, and alleges four claims for relief.

    A. Excessive Force Claim

Plaintiff alleges as follows. On April 10, 2007, Officer Karrington was talking to him about the way he was wearing his hat. (Am. Compl. at 4-5.) Plaintiff responded that there was no regulation prohibiting the way he was wearing his hat. (Id. at 5.) Without "provocation or warning, defendant G. Whitted slammed me up against the wall so that it knocked the wind right up out of me as I grunted and gasped for air[.]" (Id.) Plaintiff was handcuffed and defendant Whitted escorted him by "pulling me and tugging on me, so as to provoke me into a violent rage, as all the while my mid-torso area was throbbing and I was having trouble breathing." (Id.)

Plaintiff also claims that defendants Warden Walker and Sergeant Ellin conspired to cover-up this alleged use of excessive force. (Id. at 7.) According to plaintiff, defendants Walker and Ellin partially granted his 602 appeal regarding this incident. (Id.) Defendant Ellin questioned inmate Williams, who was a witness to the incident, but defendant Ellin failed to

disclose the results of his inquiry. (Id.) Plaintiff alleges that supervisorial liability should be imposed because defendant Ellin "failed to train, supervise, prosecute, and or discipline his subbordates [sic]." (Id.) Plaintiff asserts that defendants Ellin and Walker did not interview plaintiff and never denied that excessive force was used. (Id. at 7-8.) Plaintiff also asserts that failure or refusal of defendants Walker and Ellin to do a thorough investigation results in supervisorial liability under the Fourteenth Amendment. (Id.)

### B. Denial of Medical Care by Defendant Whitted

Plaintiff alleges that after defendant Whitted used excessive force against him, he was having trouble breathing and when he asked for medical attention, defendant Whitted told him to "shut up and be quiet[.]" (Id. at 6.) Plaintiff claims that defendant Whitted denied plaintiff medical care in violation of the Eighth and Fourteenth Amendments. (Id.)

### C. Failure to Process Grievances

Plaintiff also claims that defendant Carter violated his First Amendment rights "by stealing and not processing my 602 appeals[.]" (Id. at 8.) Plaintiff alleges that defendant Carter retaliated against him by denying him envelopes which prevented him from having access to the courts and counsel. (Id. at 9.) According to plaintiff, defendant Grannis, the Chief of Inmate Appeals, also violated his First Amendment right to redress his grievances because Grannis "never supervised, trained, disciplined and or prosesuted [sic] his subordinate [sic] for not sending back my 602 appeal[.]" (Id. at 10.)

### D. Denial of Medical Care by Defendant Nurse Debbie

Plaintiff alleges that in violation of his rights under the Eighth Amendment, defendant "Debbie"[3] "3 times [denied him] sick call and medical treatment after plaintiff feel

---

[3] It is not clear if "Debbie" is the defendant's first or last name. Plaintiff is advised that should the court order service on this defendant, the U.S. Marshal is unlikely to be able to effect service on a person who is identified only by their first name. Therefore, plaintiff should include the last name of any defendant named in any second amended complaint he elects to file with the court.

[sic] out un-conscious [sic] due to diabete [sic] complications[.]" (Id. at 10.) Plaintiff explains that on August 29, 2007, he was rushed to the emergency room after feeling dizzy and it was determined that both his blood sugar and blood pressure was low. (Id. at 11.) After this incident, plaintiff alleges that he attempted to receive follow-up care by submitting sick call slips on September 5, September 10 and September 17, 2007, but defendant Debbie never processed them. (Id.) Plaintiff argues that defendant Debbie's refusal to provide him medical treatment demonstrates deliberate difference to an unreasonable risk of harm. (Id. at 11-12.)

  E. Request for Relief

Finally, plaintiff seeks preliminary or permanent injunctive relief against defendants Walker, Ellin, Whitted, Carter, and Grannis in the form of an order requiring "adequate mental and medical treatment, no more retalitory [sic] harassment by way of preventing me from exercising my 1st Amendment right to redress grievance and to be moved to a state hospital Department of Mental Health for the duration of my prison sentence." (Id. at 13-14.) Plaintiff also requests compensatory damages in the amount of $500,000 from each defendant and $1,000,000 in punitive damages from each defendant. (Id. at 14.)

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

4

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Discussion

The court finds that the factual allegations of plaintiff's amended complaint are inadequate and insufficient to support his claims. Therefore, the court will dismiss the amended complaint and grant plaintiff leave to file a second amended complaint. Plaintiff is provided the following additional guidance concerning the legal standards governing the claims he is apparently attempting to present.

    A. Official Capacity Claims

Plaintiff is advised that claims for damages against defendants in their official capacity are treated as suits against the state and are barred by the Eleventh Amendment unless the state has waived its sovereign immunity. See Will v. Mich. Dep't of State Police, 491 U.S.

/////

58, 71 (1989). In addition, state officials acting in their official capacities are not "persons" subject to liability under 42 U.S.C. § 1983. <u>Will</u>, 491 U.S. at 71.

    B. <u>Excessive Force Claim</u>

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. <u>See</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986); <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991). Allegations of mere negligence on the part of the defendants are insufficient. <u>Id.</u> at 299.

"[W]henever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992). <u>See</u> also <u>Whitley</u>, 475 U.S. at 320-22.

In his second amended complaint, plaintiff must provide additional factual allegations which, if supported by evidence, would demonstrate that force was not applied by the defendants against him to maintain or restore discipline. In this regard, if plaintiff was charged with a rules violation relating to the incident at issue, the rules violation report with the disposition following the disciplinary hearing would be a helpful exhibit to any second amended complaint plaintiff elects to file.

Plaintiff has also named supervisors Walker and Ellin as defendants alleging that they engaged in a conspiracy to cover-up the alleged use of excessive force and due to defendant Ellin's alleged failure to "train, supervise, prosecute, and or [sic] discipline his subordinates." (Compl. at 7.) Plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore,

when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's amended complaint does not provided sufficient factual allegations demonstrating these defendants' involvement and causal link to an alleged constitutional violation. Furthermore, plaintiff has not alleged any facts showing that a conspiracy existed to cover-up the alleged use of excessive force.

### C. Medical Care Claims

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment claim of inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference.

Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

Finally, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a cognizable § 1983 claim. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

In his second amended complaint, plaintiff must provide additional factual allegations that would show that he had a serious medical need and that defendants were deliberately indifferent to his medical condition. In his amended complaint plaintiff has merely

8

alleged in conclusory fashion that defendant Whitted ignored his request for medical care. However, plaintiff has not described his injuries, the type of medical care he needed, and whether he suffered further injury as a result of the alleged delay in receiving medical treatment. In his amended complaint plaintiff alleges that on three occasions defendant Debbie failed to process his sick call slips for follow-up care after his diabetic episode. In any second amended complaint, plaintiff should provide further factual allegations concerning the sick call system and the named defendant's alleged responsibilities in connection with that system, the type of follow-up medical care he sought, whether he suffered further complications due to the alleged delay in or denial of follow-up treatment, and any additional facts demonstrating that defendant Debbie was deliberately indifferent about his medical condition.

### D. First Amendment Claim

Plaintiff alleges that defendant Carter did not process his inmate grievances and that defendant Grannis failed to properly supervise and train his subordinates in processing grievances. However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, should plaintiff raise this claim in a second amended complaint, the court will likely dismiss it for failure to state a cognizable claim for relief.

To the extent that plaintiff is claiming that he was denied access to the courts and/or to counsel because defendant Carter allegedly denied him envelopes, plaintiff must at the very least provide additional allegations regarding any actual injury he allegedly suffered as a result. See Bounds v. Smith, 430 U.S. 817, 821 (1977); Lewis v. Casey, 518 U.S. 343, 349 (1996).

### E. Other Pleading Requirements

A second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42

9

U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make any second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, neither the original pleading nor the amended complaint, serve any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV. <u>Preliminary Injunction</u>

Plaintiff has filed a motion for preliminary injunction in which he alleges that he has been subjected to retaliatory actions. Plaintiff seeks an injunction to: (1) compel his transfer to a state hospital for the duration of his prison sentence, (2) compel L. Johnson, the mail supervisor, to "restrain[]" mailroom staff from tampering and interfering with plaintiff's outgoing mail, (3) prohibit appeals coordinators Carter and O'Brian from "preventing and or stealing . . . [plaintiff's] appeals", (4) compel warden Walker "to write a memo to his subordinates to never retaliate on me again and until I can get moved to a state hospital[.]" (Mot. at 6.) Plaintiff's motion essentially seeks the same injunctive relief that he has requested in his amended complaint.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of

hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  Here, plaintiff's motion is defective in that he has not complied with Local Rule 65-231(d) which requires that the motion be accompanied with briefs on all relevant legal issues, affidavits in support of the motion, and a proposed order.  In addition, for the reasons set forth above, the court has determined that plaintiff's amended complaint is deficient.  Finally, at this early stage of the litigation plaintiff has not provided the court with sufficient factual allegations, let alone evidence, that would show either a likelihood of his success on the merits or that he will suffer irreparable harm if preliminary injunctive relief is not granted.  For all these reasons, plaintiff's motion will be denied.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 15, 2008 application to proceed in forma pauperis (Doc. No. 18) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint (Doc. No. 15) is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

/////

5. Plaintiff's May 20, 2008 motion for preliminary injunction (Doc. No. 13) is denied as defective.

6. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form complaint for a § 1983 action.

DATED: March 10, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bibb0033.14