IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BIBBS,

    Plaintiff,                                No. CIV S-08-0033 GEB DAD P

    vs.

WARDEN WALKER, et al.,

    Defendants.                      ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint.

        In the court's March 11, 2009 order, plaintiff was provided with the legal standards applicable to his claims and advised regarding the deficiencies with his amended complaint. Plaintiff was granted leave to file a second amended complaint and was directed to use the court's form complaint for a civil rights action in filing any second amended complaint. Instead, plaintiff submitted only two-pages of the court's form complaint and attached thereto his hand-written second amended complaint. Unfortunately, plaintiff's hand-written second amended complaint does not provide information about the exhaustion of administrative remedies, the relief that plaintiff seeks, and other information that the court must take into

1

consideration in screening the complaint.  Therefore, plaintiff will be granted leave to file a third amended complaint, using the court's form complaint in its entirety.  Plaintiff is advised that he must answer each question posed in the form complaint.

The court notes that in his second amended complaint, plaintiff claims that defendants Ellin and Walker "conspired to not do any full, complete, and thorough investigation." (Doc. No. 26 at 5.)  Should plaintiff decide to pursue a conspiracy claim against defendants Ellin and Walker in any third amended complaint he elects to file, plaintiff must provide further factual allegations showing that defendants deprived him of a constitutional right as a result of the alleged conspiracy.  See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989).  In addition, plaintiff must provide allegations demonstrating that there was an agreement between defendants to violate his constitutional rights.  See id.  As plaintiff has been previously advised, it would also be helpful if he attached to his third amended complaint a copy of the rules violation report and the disposition of his disciplinary hearing relating to the incident at issue.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the prior pleadings no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In light of this order, plaintiff's March 24, 2010 motion styled, "Motion For Re-Consideration On A Judge," in which plaintiff seeks the reassignment of his case to a different judge, is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (Doc. No. 26) is dismissed;

       2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; plaintiff shall use the form complaint provided by the court; plaintiff shall refer to the court's March 11, 2009 order in preparing his third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

       3. Plaintiff's March 24, 2010 motion for re-consideration (Doc. No. 29) is denied; and

       4. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form complaint for a § 1983 action.

DATED: April 6, 2010.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bibb0033.14sec